2021 IL App (2d) 190482-U
No. 2-19-0482
Order filed June 24, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-CF-196 |
| ARTURO SANCHEZ, | ) ) ) | Honorable T. Clint Hull, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Conviction of predatory criminal sexual assault alleging digital penetration of the victim's vagina was vacated where the evidence showed touching of the vaginal area but did not establish penetration.  One of five convictions for criminal sexual assault alleging penile penetration of the victim's vagina also vacated where the evidence supported at most four incidents.

¶ 2    Following a jury trial, defendant, Arturo Sanchez, was convicted of numerous sexual offenses against the minor daughter of his girlfriend.  He appeals, contending that two of the convictions should be vacated as the State failed to prove his guilt of those offenses beyond a reasonable doubt.  We affirm in part, vacate in part, and remand.

¶ 3                                    I. BACKGROUND

¶ 4     Defendant was charged in a 20-count indictment with sexual offenses against his live-in girlfriend's daughter, G.S., and her son, M.S. Following a jury trial, defendant was convicted of 13 counts involving G.S. He was found not guilty of one count against G.S. and all six counts against M.S. Defendant appeals only two of his convictions, arguing insufficiency of the evidence. To wit, defendant was convicted of count 1, which charged him with predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)) in that he placed his finger in G.S.'s sex organ. Defendant also contests one of the five convictions for criminal sexual assault (720 ILCS 5/11-1.20(a)(3) (West 2014)) based on his placing his penis in G.S.'s vagina (counts 3, 7, 8, 9, and 10). We recount the trial evidence relevant to defendant's sufficiency-of-the-evidence claims as to these counts.

¶ 5     At trial, G.S. testified that she was then 17 years old, and her date of birth was April 14, 2001. She was currently in foster care but previously had lived with her two brothers, her mother, and defendant in Aurora. In Aurora, her family lived first in a house on Illinois Avenue and, subsequently, in a home on Gates Avenue. Her family moved to Gates Avenue when G.S. was 14 years old.

¶ 6     G.S. said that she was 10 years old and in the fifth grade when defendant first began to do inappropriate things to her. The first incident occurred when G.S. was in her room watching television. Defendant came in, laid down next to her, and touched her vagina on the skin with his hand as he took her clothes off. His hand moved "[i]n a circular motion" as he touched the skin of her vagina. This was the extent of defendant's abuse during the first incident.

¶ 7    G.S. testified that defendant made her put her hand on his penis both while they lived on Gates and Illinois Avenues. He also touched G.S.'s breasts with his hands at both the Gates and Illinois Avenue houses.

¶ 8    G.S. was asked if, in addition to the time defendant touched her vagina at the Illinois Avenue house, he touched her vagina when they lived on Gates Avenue. She answered that he did. She described how defendant moved his fingers "inside" her vagina. G.S. further stated that defendant put his penis in her vagina at both the Gates and Illinois Avenue houses and that this happened "more than one time" at each house.

¶ 9    G.S. did not tell her mother about the abuse because her mother was "happy" with defendant. One day, she decided to tell her assigned dean of students at East Aurora High School about the abuse. He was not there that day, so she told the school resource officer, Victor Devaldivielso. She also told another dean of students, Megan Murray, about defendant's conduct, including that defendant also abused her brother, M.S.

¶ 10    Murray testified that G.S. came to the school office one day. G.S.'s assigned dean was not present, so Murray spoke to her. G.S. said that her stepfather was raping her and her brother, M.S. Murray then called M.S. to the office, but M.S. did not want to talk about it.

¶ 11    Audrey Lenchner testified that she had been a child abuse investigator with the Illinois Department of Family Services and was assigned to interview G.S. about her abuse allegations against defendant. During the course of that interview, G.S. told her, among other abuse allegations, about a December 2015 incident in which defendant abused her at the Gates Avenue residence. Specifically, G.S. related that defendant asked G.S. to see him in his room. He closed the door, pushed her onto the bed, and removed her clothing. He was touching her vagina and her breasts, and, ultimately, he put his fingers into her vagina and then raped her.

¶ 12    Shannon Krueger, a pediatric nurse practitioner and an expert in child assault examinations, examined G.S. and M.S. G.S. told her that she had been anally and vaginally penetrated by her stepfather. She also said that her stepfather used his hand to penetrate her vagina. Krueger said that G.S.'s physical examination was normal, but that this did not rule out sexual abuse.

¶ 13    As noted, the jury found defendant guilty of a total of 13 counts involving G.S. The trial court initially sentenced defendant to consecutive and concurrent sentences resulting in a total of 68 years' imprisonment. The court granted defendant's motion to reconsider the sentences. Following resentencing, defendant's consecutive sentences totaled 51 years' imprisonment. Defendant timely appeals.

¶ 14                                        II. ANALYSIS

¶ 15    Though convicted on multiple sex counts, defendant contends on appeal only that he was not proved guilty beyond a reasonable doubt of predatory criminal sexual assault (count 1) and of one of the five counts of aggravated criminal sexual assault based upon placing his penis in G.S.'s vagina (counts 3, 7, 8, 9, and 10). Specifically, defendant contends: (1) that G.S. testified to only one incident in which defendant touched her vagina while she was under the age of 13, but her testimony did not establish that defendant placed his finger inside her vagina on that occasion; and (2) that the trial testimony only supported four, and not five, instances of aggravated criminal sexual assault based upon placing his penis in G.S.'s vagina.

¶ 16    When a defendant presents a challenge to the sufficiency of the evidence, it is not the function of a reviewing court to retry the defendant or to substitute its judgment for that of the trier of fact. *People v. Brown*, 2013 IL 114196, ¶ 48. Rather, a reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v.*

*Virginia*, 443 U.S. 307, 319 (1979). This standard applies to both jury and bench trials. *Brown*, 2013 IL 114196, ¶ 48.

¶ 17    "[A] reviewing court must allow all reasonable inferences from the record in favor of the prosecution." *People v. Givens*, 237 Ill. 2d 311, 334 (2010). Also, because the trier of fact saw and heard the witnesses, its credibility determinations are afforded great weight. *People v. Wheeler*, 226 Ill. 2d 92, 114-15 (2007). However, a reviewing court will not accept unreasonable inferences from the record. *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004). If a reviewing court concludes that there was insufficient evidence of a defendant's guilt beyond a reasonable doubt, the conviction must be reversed. *People v. Smith*, 185 Ill. 2d 532, 541 (1999). "[A] conviction will be reversed where the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of defendant's guilt." *Wheeler*, 226 Ill. 2d at 115.

¶ 18    Turning first to defendant's sufficiency-of-the-evidence argument as to count 1, section 11-1.40(a)(1) of the Criminal Code of 2012 (Code) provides, "A person commits predatory criminal sexual assault of a child if that person commits an act of sexual penetration, is 17 years of age or older, and *** the victim is under 13 years of age." 720 ILCS 5/11-1.40(a)(1) (West 2012). The Code defines "sexual penetration" as "any contact, however slight, between the sex organ or anus of one person and an object or the sex organ, mouth, or anus of another person, *or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person*, including, but not limited to, cunnilingus, fellatio, or anal penetration. Evidence of emission of semen is not required to prove sexual penetration." (Emphasis added). 720 ILCS 5/11-0.1 (West 2012).[1]

_____

[1] G.S. testified that the conduct charged as predatory criminal sexual assault of a child

¶ 19    Our supreme court has interpreted this definition to include two types of conduct. *People v. Maggette*, 195 Ill. 2d 336, 346-47 (2001). The first conduct category is contact; the second is intrusion. *Id.* The "contact" clause refers to "any *contact* between the sex organ or anus of one person by an object, the sex organ, mouth, or anus of another person"; whereas the "intrusion" clause refers to "any *intrusion* of any part of the body of one person or of any animal or object into the sex organ or anus of another person." (Emphases in original.) *Id.* "[T]he word 'object' in the 'contact' clause of the statutory definition of sexual penetration was not intended to include parts of the body." *Id.* at 350. Rather, the intrusion clause should be used to interpret sexual penetration involving parts of the body. *People v. McNeal*, 405 Ill. App. 3d 647, 674 (2010).

¶ 20    In *Maggette*, our supreme court addressed the intrusion clause in relation to a defendant's conviction for criminal sexual assault. *Maggette*, 195 Ill. 2d at 352. In that case, the victim testified as follows:

"'I remember [defendant] caressing me through my—to my knowledge it was—my panties was still up but he was just rubbing and caressing me through—he got underneath my panties—and I felt underneath my panties and *in* my vagina area and through it just right through it and his fingers going underneath it.'" (Emphasis in original.) *Id.* at 352.

---

occurred while she was 10 years of age, which included the period between April 14, 2011, and April 13, 2012. Effective, July 1, 2011, the statutory citations for predatory criminal sexual assault, 720 ILCS 12-14.1, and the definition of sexual penetration, 720 ILCS 5/12-12(f), were changed to 720 ILCS 5/11-1.40 and 720 ILCS 5/11-0.1, respectively. We use the more recent citations here insofar as the pertinent statutory language is identical. See P.A. 96-1551, eff. July 1, 2011.

In vacating the defendant's conviction for criminal sexual assault, our supreme court first agreed with the appellate court's holding that " '[m]ere touching or rubbing of a victim's sex organ or anus with a hand or finger does not prove sexual penetration and cannot, therefore, constitute criminal sexual assault.' " *Id.* (quoting *People v. Maggette*, 311 Ill. App. 3d 388, 397 (2000)). Moreover, regarding the victim's above-quoted testimony, the court held that "[t]he victim's brief and vague reference to her vaginal area is not sufficient to prove an 'intrusion' and cannot support a conviction of criminal sexual assault." *Maggette*, 195 Ill.2d at 352.

¶ 21 The parties agree that the predatory criminal sexual assault count at issue here related to the first time defendant abused G.S. at the Illinois Avenue residence. G.S. testified that the first time defendant abused her, she was 10 years old. She described the incident as starting when defendant laid down on her bed facing her while her mother was at work. He was taking her clothes off and touched the skin of her vagina with his hand, moving it "in a circular motion." That was the extent of G.S.'s testimony regarding the incident.

¶ 22 Citing *Maggette* and other cases, defendant contends that G.S.'s testimony that defendant touched her vagina, moving his hand in a circular motion, is insufficient to prove intrusion beyond a reasonable doubt. *See id.* at 352 (citing with approval the lower court's statement " '[m]ere touching or rubbing of a victim's sex organ or anus with a hand or finger does not prove sexual penetration and cannot, therefore, constitute criminal sexual assault' "); see also *People v. Lofton*, 303 Ill. App. 3d 501, 507-08 (1999) (placing finger "on the vagina" insufficient for penetration); *People v. Garrett*, 281 Ill. App. 3d 535, 544-45 (1996) (evidence defendant "touched" anus insufficient for penetration). We agree with defendant that there was no testimony from which the jury could reasonably infer that defendant digitally penetrated G.S.'s vagina as alleged in count 1.

¶ 23 The State cites *People v. Guerrero*, 2018 IL App (2d) 160920 (*Guerrero III*), to argue that the jury properly inferred an intrusion of G.S.'s vagina because she did not specifically deny such an event. In *Guerrero III*, the defendant was convicted of three counts of predatory criminal sexual assault of a child, one of which alleged that he placed his finger in the victim's vagina. The victim testified that the defendant touched her vagina. He began by touching her "boobs" and "started going down to the vagina. \*\*\* Like by the crack." *Id.* ¶ 11. The prosecutor then asked whether "his fingers went in a little bit?" and the victim replied, "No. That was like another night, he put his d\*\*\* almost in my vagina—or he tried to, but I screamed." (Alteration in original.) *Id.* ¶ 47.

¶ 24 In a postconviction petition, the defendant argued that counsel on direct appeal was ineffective for failing to challenge the sufficiency of the evidence on the count alleging digital penetration. *Id.* ¶¶ 25, 37. We reversed the summary dismissal of the petition, finding that it stated at least the gist of a meritorious claim. *People v. Guerrero*, 2013 IL App (2d) 111161-U, ¶ 30 (*Guerrero II*). Following remand, the trial court again dismissed the petition, finding that the evidence on that count was sufficient and thus that appellate counsel was not ineffective for failing to challenge it on direct appeal. The defendant again appealed, and we found that the evidence was insufficient where the victim "gave an 'implicitly negative' response to a 'specific question regarding penetration.' " *Guerrero III*, 2018 IL App (2d) 160920, ¶ 50 (quoting *Guerrero II*, 2013 IL App (2d) 111161-U, ¶ 28).

¶ 25 The State argues that, unlike in *Guerrero III*, the victim never implicitly denied digital penetration. Thus, the State contends, the jury could reasonably infer penetration from G.S.'s testimony that defendant moved his hand in a circular motion while touching her vagina. In reviewing the sufficiency of the evidence to support a conviction, we must indulge all reasonable inferences in favor of the State, but we may not allow unreasonable inferences. *Cunningham*, 212

Ill. 2d at 280. It is unreasonable to infer that defendant digitally penetrated the victim merely because she did not specifically deny it. Moreover, this argument is inconsistent with the plain language of *Maggette* and we decline to follow the pre-*Maggette* line of cases holding that "rubbing," "feeling," or "touching" the vagina, in the absence of other evidence, is sufficient to prove intrusion. See *People v. Hillier*, 392 Ill. App. 3d 66, 69 (2009) ("such an inference is unreasonable only if the victim denies that penetration occurred"); *People v. Bell*, 234 Ill. App. 3d 631, 636-37 (1992) (jury may reasonably infer that penetration occurred based on testimony defendant rubbed and felt victim's vagina). Indeed, we note that in relying upon *Guerrero III*, the State disregards our holding that, "even if we were to conclude that [the victim] did not implicitly deny having been digitally intruded," there was no other evidence to establish such an intrusion. *Guerrero III*, 2018 IL App (2d) 160920, ¶ 51. The *Guerrero III* victim's testimony established only that the defendant had touched her in her vaginal area which, under *Maggette*, was insufficient to prove penetration. *Id.* ¶ 54.

¶ 26    Here, too, the victim testified only that defendant touched her vagina. Like the testimony in *Maggette* and *Guerrero III*, this was insufficient to prove that defendant penetrated her vagina. Although G.S. described another incident in which defendant digitally penetrated her, this incident occurred at the Gates Avenue house when G.S. was 14 years old.

¶ 27    There remains the question of a remedy. Regarding the same conduct underlying the predatory criminal sexual assault of a child count, the jury also returned guilty verdicts for aggravated criminal sexual abuse on counts 12 (720 ILCS 5/11-1.60(b) (West 2012) (family member placing hand on sex organ of G.S. who was under 18)) and count 13 (720 ILCS 5/11-1.60(c)(1)(i) (West 2012) (person over 17 placing hand on sex organ of G.S. who was under 13)). Accordingly, the trial court determined that counts 12 and 13 merged into count 1 and did not

impose sentence on those counts. Having determined that the evidence is insufficient to support defendant's conviction for predatory criminal sexual assault, we remand for sentencing on the merged aggravated-criminal-sexual-abuse convictions. See *People v. Westmoreland*, 2013 IL App (2d) 120082, ¶ 24 (reversing conviction of armed violence but remanding for sentencing on merged conviction of aggravated battery of a child). In doing so, however, we note that counts 12 and 13 are alternative bases for charging the same conduct and that a conviction and sentence may be entered only upon one of these counts. See *People v. Coats*, 2018 IL 121926, ¶ 11 (defendant may not be convicted for multiple offenses based upon precisely the same physical act).

¶ 28    We next turn to defendant's contention that the evidence was sufficient only for four of the five separate convictions of criminal sexual assault (counts 3, 7, 8, 9, and 10) based on his putting his penis in G.S.'s vagina. In support defendant argues that G.S. testified to, at most, four such incidents. Defendant notes that the only evidence relating to these counts was G.S.'s testimony that defendant placed his penis in her vagina at both the Gates and Illinois Avenue houses, and that this happened "more than one time" at each location. Defendant concedes that the evidence was sufficient as to four of the criminal sexual assault counts, but cites this court's decision in *People v. Letcher*, 386 Ill. App. 3d 327 (2008), in support of his position that the fifth count cannot be reasonably inferred.

¶ 29    In *People v. Letcher*, the defendant was convicted, *inter alia*, of six counts of predatory criminal sexual assault alleging penile penetration. *Id.* at 328. The victim testified about a specific incident of penile penetration to the vagina and anus at the "old house," and that defendant used his private parts on her anus and vagina in the same manner in the "new house." *Id.* at 336. She further testified that the sexual abuse happened " 'too many times to remember' " at the old house. The victim also testified to specific instances of penile penetration in December 2006. *Id.* This

court held that the evidence was sufficient to prove, at most, four of the six penile-penetration counts. We noted that, although the victim testified specifically about penile penetrations in December 2006, it was not clear from the record whether those incidents were included in the four incidents about which she testified more generally. *Id.* We likewise held that the victim's testimony that the incidents happened "more than five times" was insufficient to prove six instances of penile penetration where the state charged, and the victim also testified about other types of sexual abuse.

¶ 30    As with the *Letcher* victim*,* G.S. testified here to, at most, two instances of penis-to-vagina penetration at each residence. The State urges us to consider Lenchner's testimony as sufficient proof of a fifth incident. However, as in *Letcher*, it is unclear from the record whether this was one of the "more than one" incidents at the Gates house or represents a separate, fifth, incident. The State also refers us to G.S.'s testimony that defendant's abuse was "repeated," "ongoing," and "monthly" for nearly five years and argues that this sufficiently proved at least five incidents. In *Letcher*, however, we rejected a similar argument that the victim's testimony that abuse happened "more than five times" established that there must have been additional incidents. While the State need not prove specific dates when sexual abuse occurred, it must still prove specific conduct with reasonable certainty. Given that the State alleged different types of sexual conduct over time, we cannot say that the reference to "ongoing" abuse proved that there must have been an additional instance of penile penetration. Thus, we vacate the conviction and sentence for count 10 and direct the trial court to correct the mittimus on remand.[2]

---

[2] Counts 3, 7, 8, 9, and 10 all identically and without distinction allege violations of criminal sexual assault. 720 ILCS 5/11-1.20(a)(3) (West 2014). In that the trial court imposed

¶ 31    In summary, we vacate the conviction of predatory criminal sexual assault and one count of criminal sexual assault.  We remand for defendant to be sentenced on either count 12 or 13 as the trial court deems appropriate.  We affirm defendant's remaining convictions and sentences.

¶ 32                                III. CONCLUSION

¶ 33    The judgment of the circuit court of Kane County is affirmed in part and vacated in part, and the cause is remanded.

¶ 34    Affirmed in part, vacated in part, and remanded.

---

consecutive sentences of 6 years for each of these convictions, we vacate the conviction and sentence for count 10, the fifth one charged.