2025 IL App (2d) 240494-U
No. 2-24-0494
Order filed July 23, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).
_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-CF-196 |
| ARTURO SANCHEZ, | ) ) ) | Honorable Rene Cruz, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BIRKETT delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*: We grant appellate counsel's motion to withdraw because there are no issues of arguable merit for appeal.

¶ 2   After a jury trial, defendant, Arturo Sanchez, was convicted of numerous sexual offenses against his live-in girlfriend's daughter, G.S., and son, M.S.  On direct appeal, defendant challenged only the sufficiency of the evidence to convict him, and we affirmed in part, vacated in part, and remanded for resentencing.  See *People v. Sanchez*, 2021 IL App (2d) 190482-U. Defendant subsequently filed a *pro se* petition for postconviction relief.  The petition presented two claims: (1) appellate counsel was ineffective for failing to argue that trial counsel was

ineffective for not asking the trial court to inquire into the complaints of some jurors that they had difficulty hearing G.S.'s testimony and (2) the jury trial was unfair because the court failed to swear in the two alternate jurors. The trial court summarily dismissed the petition. Defendant timely appealed, and the court appointed the Office of the State Appellate Defender (OSAD). The appellate defender now moves to withdraw, arguing that there are no potentially meritorious issues for appeal. We agree, grant the motion, and affirm.

¶ 3                                      I. BACKGROUND

¶ 4     The facts of the case are detailed in our order addressing the sufficiency of the State's evidence to convict. See *id.* ¶¶ 4-13. We provide only the background necessary to resolve counsel's motion to withdraw.

¶ 5     On April 27, 2016, defendant was charged in a 20-count indictment with sexual offenses committed against G.S. and M.S. The alleged offenses occurred between April 14, 2011, and February 8, 2016. A jury trial was held on June 4 through June 6, 2018. A Spanish-speaking interpreter was present throughout the court proceedings to assist defendant.

¶ 6     As relevant to defendant's claim regarding the alternate jurors, the report of proceedings from the first day of trial reflects what occurred after the jury was selected:

        "THE BAILIFF: All rise for the jury.

        THE CLERK: If you guys can raise your right hands, please.

                (Jury sworn.)

        THE COURT: Okay. Please be seated."

¶ 7     Both G.S. and M.S. testified at the trial. During the cross-examination of G.S., the trial court said to defense counsel, "I'm gonna ask you to keep her voice up. The jurors are indicating they are having a tough time." Counsel then asked G.S. to "project [her] voice a little bit more,"

and the cross-examination continued. After G.S. answered several more questions, the court again stopped the proceedings, saying, "I just need you to speak louder because we are still having a tough time." The court later stopped proceedings for a third time and had G.S. and the jury step outside the courtroom. The court then told the attorneys that "[t]he jurors are repeatedly indicating they can't hear." In reply, one of the attorneys asked about the microphone. The court said that the microphone system was "spotty at best, but maybe we can try that." After further discussion, one of the attorneys asked the court if G.S. needed to repeat anything. The court replied, "We don't want her to go though [*sic*] that. *** We have got the microphone on. We will do our best." G.S. and the jury were then brought back into the courtroom. G.S. remained on the witness stand as the attorneys completed the cross-examination, followed by the redirect and recross examinations. After the introduction of the microphone, the court expressed no further concerns regarding the volume of G.S.'s voice.

¶ 8 Once the jury began deliberating, the trial court told the two alternate jurors that they were free to go but that they needed to "stay where we can get ahold of you." Following deliberations, the jury found defendant guilty of 13 counts involving G.S. The jury found defendant not guilty of one count involving G.S. and all six counts involving M.S. The court initially sentenced defendant to consecutive and concurrent sentences resulting in a total of 68 years' imprisonment. The court granted defendant's motion to reconsider the sentences and resentenced defendant to 51 years' imprisonment.

¶ 9 Defendant timely appealed, and OSAD was appointed to represent him. On direct appeal, defendant challenged the sufficiency of the evidence concerning two of his convictions involving G.S. *Id.* ¶ 15. We agreed with defendant that his conviction of the lone count of predatory criminal sexual assault of a child was improper because the evidence did not show that defendant penetrated

G.S.'s vagina on the occasion in question. *Id.* ¶ 26. We also agreed that one of defendant's five convictions of criminal sexual assault was improper because the evidence showed at most four incidents of that offense. *Id.* ¶ 30. We vacated those two convictions and remanded the case for resentencing. *Id.* ¶ 31. On remand, defendant was sentenced to a total of 35 years' imprisonment.

¶ 10 On June 5, 2024, defendant filed a *pro se* petition for postconviction relief. The trial court summarily dismissed the petition on August 15, 2024. Defendant timely appealed the dismissal, and OSAD was appointed to represent defendant.

¶ 11                                    II. ANALYSIS

¶ 12 Per *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993), the appellate defender moves to withdraw as counsel. In his motion, counsel states that he read the record and found no issue of arguable merit. Counsel further states that he advised defendant of his opinion. Counsel supports his motion with a memorandum of law providing a statement of facts, a list of potential issues, and arguments as to why those issues lack arguable merit. We advised defendant that he had 30 days to respond to the motion. Defendant was granted an extension of time and then timely responded.

¶ 13 The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) "provides a remedy to criminal defendants who claim that substantial violations of their federal or state constitutional rights occurred in their original trial or sentencing hearing." *People v. Towns*, 182 Ill. 2d 491, 502 (1998). Postconviction proceedings occur in three stages. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). At the first stage, which is the stage at issue in this case, the trial court has 90 days to determine, without input from the State, whether the petition is frivolous or patently without merit. *Id.*; 725 ILCS 5/122-2.1(a)(2) (West 2022). A petition is frivolous or patently without merit only if the allegations, taken as true and liberally construed, fail to present the gist

of a constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). Our supreme court has further explained that "a *pro se* petition seeking postconviction relief under the Act for a denial of constitutional rights may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 11-12. "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* at 16. A legal theory that is completely contradicted by the record is one example of a theory that is "indisputably meritless," while fanciful factual allegations include those that are "fantastic or delusional." *Id.* at 16-17.

¶ 14    A first-stage review "presents a 'low threshold,' requiring only that the petitioner plead sufficient facts to assert an arguably constitutional claim." *People v. Johnson*, 2021 IL 125738, ¶ 25 (quoting *People v. Brown*, 236 Ill. 2d 175, 184 (2010)). The summary dismissal of a postconviction petition is reviewed *de novo*. *Brown*, 236 Ill. 2d at 184.

¶ 15    The purpose of a postconviction proceeding is to permit an inquiry into constitutional issues that have not been, and could not have been, adjudicated on direct appeal. *Towns*, 182 Ill. 2d at 502. Any issues that were raised and decided on direct appeal are barred by the doctrine of *res judicata*, and any issues that could have been raised on direct appeal, but were not, are waived. *Id.* at 502-03. However, the doctrines of *res judicata* and waiver will be relaxed in three circumstances: "where fundamental fairness so requires, where the alleged waiver stems from the incompetence of appellate counsel, or where the facts relating to the claim do not appear on the face of the original appellate record." *People v. Harris*, 206 Ill. 2d 1, 13 (2002).

¶ 16    Defendant's initial claim in his postconviction petition is that his appellate counsel was ineffective for failing to raise on direct appeal the argument that trial counsel was ineffective "for failing to request that the trial judge inquire of the jury what portions of G.S.'s testimony they did

not hear." We generally evaluate ineffective-assistance-of-counsel claims under the two-prong *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 669, 688 (1984). The *Strickland* test requires a showing that counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance was prejudicial in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 669. However, our supreme court has explained that, when the *Strickland* test is combined with the low threshold of a first-stage postconviction proceeding, "a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17. Because a defendant must satisfy both prongs of this test, our analysis may proceed in any order. *People v. Randall*, 2021 IL App (1st) 191194, ¶ 65. If a defendant fails to satisfy one prong, no further analysis is needed. *Id*. In other words, if a defendant has not arguably suffered prejudice, we need not address whether counsel's performance arguably fell below an objective standard of reasonableness. *People v. Lacy*, 407 Ill. App. 3d 442, 457 (2011).

¶ 17 The underlying claim that jurors were unable to hear G.S.'s testimony is governed by the same principles that govern claims of juror inattentiveness. See *People v. Williams*, 2022 IL App (2d) 200455, ¶¶ 90-92. Those principles are as follows:

"[A] defendant has a constitutional right to be tried by a fair and impartial jury and to due process. U.S. Const., amends. VI, XIV. A juror who is inattentive for a 'substantial portion of a trial' has been found to be unqualified to serve on the jury. *People v. Jones*, 369 Ill. App. 3d 452, 455 (2006) (collecting cases); see also *Samad v. United States*, 812 A.2d 226, 230 (D.C. 2002) (holding that a brief, nonprejudicial lapse in attention may be excused,

but prolonged inattentiveness in a criminal trial jeopardizes a defendant's right to a fair trial). The party claiming error from an inattentive juror must demonstrate that the juror ' "failed to follow some important or essential part of the proceeding." ' (Internal quotation marks omitted.) *People v. Gonzalez*, 388 Ill. App. 3d 566, 576 (2008) (quoting *United States v. Tierney*, 947 F.2d 854, 868 (8th Cir. 1991))." *Id.* ¶ 92.

¶ 18    Defendant's central assertion is that "[t]he jury might have heard enough of [G.S.'s] testimony and became bias [*sic*] and just believed the defendant was guilty on all counts they convicted him of, even though they did not clearly her [*sic*] all the evidence." Notably, defendant does not attempt to support this assertion by specifying which "evidence" he believes the jury did not hear and how that evidence was an "important or essential part" of the State's case. Instead, he takes an indirect tack, arguing that our decision on direct appeal to vacate two of his convictions "supports [his] proportion [*sic*] that the jurors did not hear portions of G.S. testimony." According to defendant, "[i]t's obvious by the appellate court's decision that there were problems in hearing G.S.'s testimony." Defendant insinuates that the two convictions we vacated on direct appeal had been the result of the jury's inability to hear G.S.'s testimony. As counsel notes, this suggestion not only relies on pure speculation but is belied by the fact that the jury acquitted defendant on one count involving G.S.; thus, obviously, the jury did not believe that defendant "was guilty on all counts," as he alleged. We agree with counsel that defendant presents no support for his contention that the jury would have convicted him of fewer charges had G.S. repeated portions of her testimony. "[A]llegations of prejudice based on speculation are insufficient even when a petition is at the first stage of proceedings under the Act." *People v. Garcia*, 2024 IL App (1st) 230325-U, ¶ 46. Since defendant has not shown that he was arguably prejudiced, we need not consider the performance prong of the *Strickland* test.

¶ 19    We turn next to defendant's claim that the alternate jurors were not sworn in, resulting in an unfair trial. Although defendant alleges that the alternate jurors were not sworn in with the rest of the jury, he fails to allege that an alternate juror participated in deliberations. Therefore, even if we take defendant's allegations as true and liberally construe them, he fails to present the gist of a constitutional claim. We also note that the record is clear that no alternate deliberated.

¶ 20    In defendant's response to counsel's motion to withdraw, he asserts that he has made the gist of a constitutional claim and that the first stage of postconviction proceedings presents a low threshold, requiring only a limited amount of detail. Defendant repeatedly states that counsel has incorrectly judged his claims under the standards of a second-stage review. However, we find that defendant has failed to meet even the low threshold of a first-stage review. His first claim is based on the unsupported suggestion that the jury would have convicted him of fewer charges had G.S. repeated portions of her testimony. His second claim likewise fails because he has not even asserted that an alternate juror participated in deliberations.

¶ 21                                III. CONCLUSION

¶ 22    After examining the record, the motion to withdraw, the memorandum of law, and defendant's response, we agree with counsel that this appeal presents no issues of arguable merit. Thus, we grant the motion to withdraw, and we affirm the judgment of the circuit court of Kane County.

¶ 23    Affirmed.